83 B.R. 450 (1988)
In the Matter of Frank John TVORIK, d/b/a Village Variety, Debtor.
Edward B. SPENCE, Trustee, Frank John Tvorik, Individually and d/b/a Village Variety, and Veronica Campbell, Plaintiffs,
v.
Albert J. PONTACK and Daleta D. Pontack, his wife, Individually and Jointly and Severally, Defendants.
Bankruptcy No. GL 86-00421, Adv. No. 86-0577.
United States Bankruptcy Court, W.D. Michigan.
March 17, 1988.
*451 Glenn R. Stevens, Owosso, Mich., for plaintiffs.
Samuel S. Reiter, Owosso, Mich., for defendants.

OPINION AND ORDER REGARDING JURISDICTIONAL ISSUES
JAMES D. GREGG, Bankruptcy Judge.
The issue before the Court is whether the above adversary proceeding is a core proceeding, a noncore related proceeding, or a noncore, nonrelated proceeding with respect to the various causes of action set forth in the Plaintiffs' Complaint, as amended, and in the Defendants' Counterclaim.
On February 14, 1986, Frank John Tvorik, d/b/a Village Variety, hereinafter the "Debtor", filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Code.[1] On March 4, 1986, the Debtor requested that his Chapter 13 case be converted to a Chapter 7 case. On March 11, 1986, the Court entered an order for relief under Chapter 7 of the Bankruptcy Code.
Edward B. Spence was appointed as the Chapter 7 Trustee. On March 21, 1986, the Trustee sought the appointment of Glen R. Stevens, the Debtor's attorney, to represent the Trustee in connection with this adversary proceeding. On March 31, 1986, Honorable Laurence E. Howard authorized the Trustee's requested appointment of counsel by order of this Court.
On July 14, 1986, the Trustee filed a Complaint for Rescission of Sale of Business against Albert J. Pontak and Daleta D. Pontak, hereinafter the "Defendants". The complaint sought to rescind a sale of certain business assets between the Debtor and the Defendants because of alleged fraudulent misrepresentations. Although she was not a party to the action, the complaint also requested that a guaranty and mortgage given by Veronica Campbell, the Debtor's mother, to the Defendants in connection with the sale transaction also be deemed nugatory and discharged because of alleged fraudulent inducement.
On August 11, 1986, the Defendants filed their Answer to the Complaint. In their answer, the Defendants requested that all relief sought by Veronica Campbell be stricken because she was not a party to the adversary proceeding. The Defendants, in their affirmative defenses, also asserted that the matter was not a core proceeding and requested that the adversary proceeding be dismissed. A counterclaim was also filed by which the Defendants sought relief from the automatic stay imposed by 11 U.S.C. § 362 to repossess and sell certain assets which were subject to their security interest and to permit them to forfeit or *452 foreclose a land contract respecting certain real property of the Debtor.
On August 15, 1986, an Amended Complaint was filed without leave of this Court. The Amended Complaint added the Debtor and his mother, Veronica Campbell, as parties plaintiff. The Defendants filed an Answer to the Amended Complaint on August 28, 1986. In the amended answer, the Defendants again raised all previous affirmative defenses except that defense relating to the failure of the complaint to join the Debtor and Veronica Campbell as plaintiffs in the adversary proceeding.[2] The Defendants also amended their counterclaim and added a second count which sought relief against Veronica Campbell for enforcement of her guaranty and mortgage obligation.
On September 29, 1986, the Plaintiffs filed an answer to the Defendants' counterclaim. Also on September 29, 1986, the parties filed a stipulation for abandonment respecting the business assets and the Court entered an order approving the abandonment. Finally, on September 29, 1986, Judge Howard held a pretrial conference regarding the adversary proceeding. Pursuant to the pretrial order, the Court permitted the Defendants to sell the personal property subject of the Defendants' security interest. No determination was made by the Court respecting the jurisdictional issues.
Because of the number of pending proceedings on the Court's docket, trial was first scheduled to take place on December 21, 1987. A request was made for a change of the trial date and the Court rescheduled the trial to take place on November 30, 1987.[3]
On or about August 13, 1987, the bankruptcy case and this adversary proceeding were assigned to Judge Gregg. Because of a court calendar conflict, the trial was again rescheduled to commence on December 8, 1987. Very shortly before the scheduled trial date, counsel for the Plaintiffs, without filing any pleading, informally requested another adjournment of the trial. The Court, based upon the history of the adversary proceeding declined to grant any further adjournment.
Trial commenced on December 8, 1987. Opening statements were made by respective counsel and testimony elicited. The trial was not completed within the one day reserved pursuant to the Pretrial Order. The trial was therefore continued on January 13, 1988.
During the second day of trial, after all proofs were taken regarding the cause of action by the Trustee against the Defendants, the Court raised sua sponte certain jurisdictional issues pursuant to 28 U.S.C. § 157(b)(3).[4] The Court tentatively observed the following: (1) The counterclaim asserted by the Defendants to obtain relief from the automatic stay or abandonment of the assets subject of the Defendants' security interest and land contract vendors' interest would constitute a core proceeding. (2) The cause of action brought by the Trustee and the Debtor against the Defendants to obtain a rescission of the sale of the business assets, and to recover damages, *453 might be construed as a core proceeding or as a noncore related matter.[5] (3) The cause of action brought by Veronica Campbell against the Defendants to obtain a determination that her guaranty was unenforceable and the mortgage granted to the Defendants should be held null and void, because of alleged fraud in the inducement, might be construed as a noncore related matter or as a noncore nonrelated matter. (4) The counterclaim filed by the Defendants against Veronica Campbell to enforce the guaranty, to determine the asserted liability thereunder, and to permit foreclosure of the mortgage, might be construed as a noncore related matter or a noncore nonrelated matter.
The attorneys for the respective parties were given the opportunity to present oral argument with regard to the jurisdictional questions. However, no legal authorities were cited by counsel to support their respective arguments. The Court has therefore independently reviewed 28 U.S.C. § 157, 28 U.S.C. § 1334, and case law decided with regard to jurisdictional questions to provide guidance in connection with this decision.[6]
28 U.S.C. § 1334(a) grants the United States District Courts "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(b) further provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 151 creates "a unit of the district court to be known as the bankruptcy court for that district." 28 U.S.C. § 152 mandates the respective courts of appeals shall appoint bankruptcy judges to exercise authority conferred under title 28. 28 U.S.C. § 157(a) states:
Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
In accordance with this enabling statute, the United States District Court for the Western District of Michigan has entered a so-called general referral order regarding all cases and proceedings arising under, or arising in, or related to, title 11 cases to the bankruptcy judges of this district.[7]
Pursuant to the general referral order and 28 U.S.C. § 157(b)(1), the bankruptcy judges in this district "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11....". With regard to core proceedings, a bankruptcy judge may enter final orders and judgments, subject to appeal rights and procedures set forth in 28 U.S.C. § 158. Those matters which are core proceedings are listed in 28 U.S.C. § 157(b)(2).[8] The types of matters listed in the statutory provision *454 are not all-inclusive. The Bankruptcy Court is charged with the responsibility of determining whether a matter falls within the somewhat uncertain meaning of a "core proceeding". 11 U.S.C. § 157(b)(3). Likewise, the Bankruptcy Court must also initially determine whether a cause of action may be a noncore related proceeding or a noncore nonrelated proceeding.
Figuratively stated, the Court must determine at what point a specific amount of greyness will turn from black to white. Seen through different eyes, one person may view a given degree of greyness as black while another will find it to be white. Where are the boundary lines to be drawn regarding these types of jurisdictional questions? Such are now the bankruptcy jurisdictional problems created by Congress.
With respect to the "related to" category of matters,
the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.
28 U.S.C. § 157(c)(1).[9]
In accordance with 28 U.S.C. § 157(c)(2), the parties may consent to a bankruptcy judge entering final orders and judgments regarding a noncore related matter, subject to appellate review under 28 U.S.C. § 158.[10] "Even if express consent has not been proven ... the absence of a timely objection to the bankruptcy court's jurisdiction constitutes implied consent to the resolution of the controversy." DuVoisin v. Foster (In re Southern Industrial Banking Corp.), 809 F.2d 329, 331 (6th Cir.1987). See, Daniels-Head & Associates v. William M. Mercer, Inc. (In re Daniels-Head & Associates), 819 F.2d 914, 919 (9th Cir. 1987); Baldwin-United Corp. v. Thompson (In re Baldwin-United Corp.), 48 B.R. 49, 54 (B.C.S.D.Ohio 1985); Lombard-Wall Inc. v. New York City Housing Development Corp. (In re Lombard-Wall Inc.), 48 B.R. 986, 992 (S.D.N.Y.1985). But see, Caprera v. Jacobs, 790 F.2d 442 (5th Cir. 1986) (express consent is required under Magistrates's Act); Interconnect Telephone Services, Inc. v. Farren, 59 B.R. 397 (S.D.N.Y.1986).
In the instant adversary proceeding, an objection to jurisdiction was timely lodged in the Defendants' answer and reasserted in their amended answer. At the hearings, the parties declined to consent to this Court entering a final judgment with respect to any related proceeding.[11] Notwithstanding the Plaintiffs' amended complaint and *455 the Defendants' counterclaim by which certain causes of action were brought before this Court, pursuant to the somewhat peculiar procedural posture of the proceeding, this Court concludes that there has been no consent, express or implied, to the entry of a final order regarding any noncore related matter asserted by the parties in their respective pleadings.
The Court must therefore determine the relative "greyness" of the various causes of action asserted to decide whether each cause of action is a core proceeding, a noncore related proceeding, or a noncore nonrelated proceeding. The Sixth Circuit Court of Appeals has considered the meaning of "related to" in In re Salem Mortgage Company, 783 F.2d 626 (6th Cir. 1986). In that case, the court discussed the grant of bankruptcy jurisdiction under 28 U.S.C. § 1334(a) and (b), and the predecessor jurisdictional statute, 28 U.S.C. § 1471(a) and (b). Addressing the phrase "related to", the Sixth Circuit Court of Appeals stated:
Courts have developed different tests in determining whether subject matter jurisdiction exists in a proceeding claimed to be "related to" a particular bankruptcy case. Some courts would find jurisdiction "only where the action clearly involved property of the estate ... or where a determination of the controversy is required for the proper administration or reorganization of the estate...." In re General Oil Distributors, Inc., 21 B.R. 888, 892 n. 13. (Bankr.E.D.N.Y.1982) (citations omitted). Another test finds jurisdiction "whenever `the outcome of the proceeding could conceivably have any effect upon the estate being administered in bankruptcy.'" Id. (citing Mazur v. U.S. Air Duct Corp., 8 B.R. 848, 851 (Bankr.N.D.N.Y.1981) (emphasis in original)). Although situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement, we believe that a broader interpretation of the statute more closely reflects the congressional intent in adopting the new bankruptcy laws.
Id. at p. 634. The "related to" language must therefore be broadly construed, but within the limitations of 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(3) and (c)(1). Cf. White Motor Corp. v. Citibank, N.A., 704 F.2d 254 (6th Cir.1983) where it is stated:
Peripheral, non-traditional bankruptcy issues ... cannot be adjudicated by a non-Art. III. judge. [B]ankruptcy judges may not issue binding judgments in `related' proceedings. In these cases, the bankruptcy judges are limited to submitting findings of fact and proposed rulings. ...
Id. at 263.
Fully realizing that jurisdictional issues must be resolved on a case-by-case basis pursuant to 28 U.S.C. § 157(b)(3), this Court has reviewed many cases to discover an acceptable working definition of the language "related to". Such a definitional standard is set forth in Citizens National Bank of Bowling Green v. Schaberg Lumber Co. (In re Bowling Green Truss, Inc.), 53 B.R. 391 (B.C.W.D.Ky.1985) where it is stated:
If an action has a direct and substantive impact on the bankruptcy estate or its administration, then it is related to the bankruptcy case and jurisdiction exists. But if a controversy has only a vague or incidental connection with a pending case, and any impact its resolution may have on the bankruptcy case is speculative, indirect or incidental, then the matter is unrelated to the bankruptcy case and [the bankruptcy court should] not hear it.[12]
See, Wisconsin Department of Industry, Labor & Human Relations v. Marine Bank Monroe (In re Kubly), 818 F.2d 643 (7th Cir.1987).
Applying the above working definitional standard to the various causes of action asserted by the parties in this adversary *456 proceeding, this Court concludes and IT IS HEREBY ORDERED:
1. The counterclaim asserted by the Defendants to obtain relief from stay or abandonment regarding assets subject to the Defendants' security interest in land contract vendors' rights constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (G), and (O). However, because the Court previously entered an abandonment order and there was testimony the Defendants had sold the business assets in accordance with Michigan law, this matter has been resolved and is therefore moot.
2. The cause of action brought by the Trustee against the Defendants to obtain a rescission of the prepetition sale of the business assets and to recover damages based upon fraud in the inducement under State law is a noncore related proceeding. This Court will therefore make recommended findings of fact and conclusions of law and submit such recommendations to the district court in accordance with 28 U.S.C. § 157(c)(1), Bankruptcy Rule 9033, and United States District Court for the Western District of Michigan Local Rule 66.
3. The cause of action asserted by the Debtor against the Defendants to obtain a rescission and to recover damages regarding the prepetition sale of the business assets is hereby dismissed because the Debtor lacks standing to assert the cause of action. The Trustee holds this cause of action pursuant to 11 U.S.C. § 541(a).
4. The cause of action asserted by Plaintiff Veronica Campbell against the Defendants to determine her guaranty obligation to be unenforceable and to void the attendant mortgage securing the guaranty is a noncore nonrelated matter. Notwithstanding a broad construction of "related to", this cause of action is a peripheral nontraditional bankruptcy issue which resolution will have absolutely no direct or substantive impact upon the bankruptcy estate or its administration. No subject matter jurisdiction exists.[13] The cause of action is therefore dismissed.[14]
5. Likewise, the cause of action filed by the Defendants against Veronica Campbell in their amended counterclaim to enforce the guaranty, to determine the liability thereunder, and to permit foreclosure of the mortgage, is a noncore nonrelated matter. No subject matter jurisdiction exists and the cause of action is therefore dismissed.
NOTES
[1] The Bankruptcy Code, as amended, is contained in 11 U.S.C. §§ 101-1330.
[2] Bankruptcy Rule 7015 permits a party to amend a pleading as a matter of course at any time before a responsive pleading is served. If a responsive pleading is served, an amendment is permitted only by leave of the Court or by written consent of the adverse party. Leave to file an amended pleading shall be freely granted by the Court when justice would be served. Although no written consent was obtained from the Defendants, or leave to amend permitted by the Court, no objection to the amended complaint was lodged by the Defendants at the pretrial conference or at any time during the course of this adversary proceeding. The Court further notes that the parties utilized the amended complaint during the proceeding without objection. The Court would therefore find the issues in the amended complaint were raised by the express or implied consent of the parties and may be considered by the Court.
[3] Although the record is unclear, apparently Judge Howard granted a change of the trial date based upon the consent of all parties.
[4] 28 U.S.C. § 157(b)(3) states:

The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.
[5] The Debtor's cause of action against the Defendants arose prepetition. Therefore, the cause of action would constitute property of the estate within the meaning of 11 U.S.C. § 541. The Court therefore tentatively concluded that although the Debtor was designated as a party-plaintiff, the cause of action asserted against the Defendants to obtain a rescission of the sale and damages was only held by the Trustee for the benefit of the estate. The Debtor failed to exempt any portion of the cause of action pursuant to 11 U.S.C. § 522.
[6] Because of time constraints and its schedule, the Court has only reviewed selected authorities and has been unable to independently review all possibly relevant case law which might be persuasive respecting the issues before it. The Court notes that there have been a voluminous number of cases discussing the labyrinthine post-Marathon bankruptcy jurisdiction questions. Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). This memorandum opinion does not intend or purport to fully address all relevant authorities relating to bankruptcy jurisdiction issues.
[7] This general referral order was filed on July 23, 1984 and is set forth in Local Rule 65 adopted by the United States District Court for the Western District of Michigan.
[8] 28 U.S.C. § 157(b)(2) states in its entirety:

Core proceedings include, but are not limited to 
(A) matters concerning the administration of the estate;
(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
(C) counterclaims by the estate against persons filing claims against the estate;
(D) orders in respect to obtaining credit;
(E) orders to turn over property of the estate;
(F) proceedings to determine, avoid, or recover preferences;
(G) motions to terminate, annul, or modify the automatic stay;
(H) proceedings to determine, avoid, or recover fraudulent conveyances;
(I) determinations as to the dischargeability of particular debts;
(J) objections to discharges;
(K) determinations of the validity, extent, or priority of liens;
(L) confirmation of plans;
(M) orders approving the use or lease of property, including the use of cash collateral;
(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and
(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.
[9] On November 2, 1984, the United States District Court for the Western District of Michigan adopted Local Rule 66 which is consistent with 28 U.S.C. § 157(c) and sets forth the procedures to be followed with respect to noncore related proceedings.
[10] Local Rule 66 of the United States District Court for the Western District of Michigan is consistent with 28 U.S.C. § 157(c)(2).
[11] The Defendants' counsel conditionally agreed to consent to the Court entering a final order with regard to any related proceeding provided the Plaintiffs' counsel would likewise consent. The Plaintiffs' counsel requested additional time to consider this possibility and the Court granted the Plaintiffs seven days to file a formal consent. No consent was filed.
[12] Id. at 394. The language within the brackets is this Court's modification to the quotation.
[13] It further appears that there is no subject matter jurisdiction in the United States District Court, there being no federal question involved and no diversity of citizenship.
[14] The Court has considered imposing sanctions upon Plaintiffs' counsel pursuant to Bankruptcy Rule 9011. This is especially true inasmuch as much of the litigation involved representation of Plaintiff Veronica Campbell and the tactics of counsel appear to be contrary to the spirit of Bankruptcy Rule 1001. Further, the Court is very concerned that Edward B. Spence, Trustee, may have sought to appoint counsel who was not disinterested as required by 11 U.S.C. § 327(a). Since the record regarding this matter is somewhat unclear and the case was reassigned to this judge after appointment of the Trustee's counsel was previously approved by the predecessor judge, no sanctions will be imposed. However, the Court will consider all relevant factors, including the history of the instant adversary proceeding, when compensation is requested by the Trustee or the Trustee's counsel. 11 U.S.C. § 330; Bankruptcy Rule 2016.