Jessie Lee Cooks and his wife, Malita McKensy Cooks, appeal from a summary judgment for Jim Walter Homes, Inc. ("Jim Walter").
In 1979, Jim Walter entered into a contract with Alphonso Butler whereby Jim Walter was to construct a home on a certain parcel of real property. In a related transaction, Butler executed a mortgage on that real property in favor of Jim Walter. On November 5, 1984, Butler conveyed the real property to Jim Walter by warranty deed. At the time of the conveyance, the Macon County property taxes for 1984 had been assessed to Butler, but they had not been paid. Jim Walter did not pay the taxes due on the property and, on June 10, 1985, the property was sold at public auction to Walter Pollard, Jr. See § 40-10-1
et seq., Ala. Code 1975. *Page 20 
On September 14, 1985, Jim Walter conveyed the property to the Cookses and the Cookses executed a mortgage on the property in favor of Jim Walter. Thereafter, on November 30, 1988, the probate judge of Macon County executed a deed to Pollard conveying to him "all the right, title, and interest of . . . Alphonso Butler, and all the right, title, interest, and claim of the State and County on account of [the unpaid] taxes." The Cookses failed to comply with the terms of the mortgage held by Jim Walter and, on September 14, 1993, the Cookses received a "mortgage foreclosure notice" from Jim Walter's attorney. On October 8, 1993, the Cookses filed a voluntary petition for bankruptcy, under Chapter 13 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Middle District of Alabama. A "notice of commencement of bankruptcy" was entered on October 15, 1993, and the certificate of mailing to creditors was dated October 18, 1993. Although an automatic stay pursuant to 11 U.S.C. § 362 and 1301 (1982) prohibits creditors from taking action against a debtor in bankruptcy, a foreclosure sale was held on October 15, 1993, and the property was purchased by Mid-State Trust II, an assignee of the mortgage held by Jim Walter. On May 5, 1995, Pollard conveyed all his "right, title, interest, and claim" in the property to Jim Walter by quitclaim deed.
On November 7, 1993, the Cookses filed a complaint in the Macon County Circuit Court naming Jim Walter and others as defendants. The complaint alleged fraud, conversion, breach of warranty,[1] and wrongful foreclosure, and requested specific performance of the "sale contract" in which Jim Walter had agreed to sell the property to the Cookses. Thereafter, the trial court entered a summary judgment for Jim Walter on the breach of warranty claim. The trial court also entered a summary judgment for Jim Walter on the fraud claim, to the extent that the Cookses alleged that Jim Walter had misrepresented that it could convey the property free and clear of all encumbrances.[2] After the trial court made its partial summary judgment final pursuant to Rule 54(b), Ala.R.Civ.P., the Cookses appealed to the Alabama Supreme Court. The Supreme Court transferred the appeal to this Court pursuant to §12-2-7, Ala. Code 1975.
On appeal, the Cookses argue that the trial court erred in entering the partial summary judgment for Jim Walter.
A summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala.R.Civ.P. The burden is on the movant to show that there exists no genuine issue of material fact; however, once a party moving for a summary judgment establishes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to rebut the prima facie showing. McClendon v. Mountain Top Indoor Flea Market, Inc.,601 So.2d 957 (Ala. 1992).
After the movant has made a prima facie showing that he is entitled to a judgment as a matter of law, the opposing party must show by substantial evidence that there is a genuine issue of material fact that would require a resolution by a factfinder. Johnson v. Citizens Bank, 582 So.2d 576
(Ala.Civ.App. 1991). Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). Like the trial court, the appellate court reviewing a summary judgment views the evidence and resolves all reasonable doubts in favor of the nonmovant.Specialty Container Mfg., Inc. v. Rusken Packaging, Inc.,572 So.2d 403 (Ala. 1990). "The law is *Page 21 
clear that a judgment must be affirmed if it is proper on any basis, even if the trial court entered the judgment for a wrong reason. Tucker v. Nichols, 431 So.2d 1263 (Ala. 1983)."Upchurch v. Universal Underwriters Insurance Co.,610 So.2d 1163, 1167 (Ala.Civ.App. 1992).
We find the dispositive issue to be whether the Cookses had standing to bring the claims alleging fraud and breach of warranty. The Cookses filed their complaint alleging, among other things, fraud and breach of warranty on November 7, 1993. At that time their Chapter 13 bankruptcy was pending; no plan had been filed or approved. Once filed, the Cookses' causes of action became part of the Cookses' bankruptcy estate, pursuant to 11 U.S.C. § 1306(a)(1). In re Fleet, 53 B.R. 833
(Bankr. E.D. Pa. 1985). When a cause of action becomes part of the debtor's estate, the "bankruptcy trustee steps into the shoes of the debtor for purposes of asserting or maintaining the debtor's causes of action." Richardson v. United ParcelService, 195 B.R. 737, 738 (E.D. Mo. 1996); see also In Re B.J.McAdams, 66 F.3d 931 (8th Cir. 1995). " 'It is well settled that the right to pursue causes of action formerly belonging to the debtor — a form of property "under the Bankruptcy Code" — vests in the trustee for the benefit of the estate.' Jeffersonv. Mississippi Gulf Coast YMCA, 73 B.R. 179 (S.D. Miss. 1986). The debtor has no standing to pursue such causes of action.Matter of Tvorik, 83 B.R. 450 (Bankr. W.D. Mich. 1988)." Bauer v.Commerce Union Bank, Clarksville Tennessee, 859 F.2d 438, 440
(6th Cir. 1988).
Because the Cookses did not have standing to bring the claims alleging fraud and breach of warranty, the partial summary judgment for Jim Walter is due to be affirmed.
AFFIRMED.
YATES, MONROE, and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in the result.
[1] Although the Cookses allege a "breach of contract," their claim is, in substance, a claim for breach of the statutory warranties created by the September 14, 1985, deed. See §35-4-27, Ala. Code 1975.
[2] The trial court also entered a summary judgment for Jim Walter on the Cookses' claim for wrongful foreclosure, "to the extent that [the Cookses] may recover punitive damages"; however, the Cookses do not appeal that judgment.