I dissent because I believe the majority opinion conflicts with this court's opinion in Cooks v. Jim Walter Homes, Inc.,695 So.2d 19 (Ala.Civ.App. 1996), in which Presiding Judge Robertson held that bankruptcy debtors had no standing to pursue causes of action which were property of the bankruptcy estate. I conclude that judicial estoppel precludes Underwood from pursuing her claims against First Franklin, Voyager, and Seals because these claims, as in Cooks, are property of the bankruptcy estate. "The doctrine of judicial estoppel applies, where a debtor in bankruptcy proceedings fails to disclose any claim that may be presented in a nonbankruptcy contest, to estop the debtor from presenting the claim." Luna v. DominionBank of Middle Tennessee, Inc., 631 So.2d 917, 919 (Ala. 1993) (citations omitted). See also Oneida Motor Freight, Inc. v.United Jersey Bank, 848 F.2d 414 (3d Cir. 1988), for a discussion of "the debtor's express obligation of candid disclosure."
The majority argues that this case is distinguishable fromLuna and Bertrand because the claims in those cases arose before the filing of the bankruptcy petition while according to Underwood's affidavit, she had no knowledge of the claims until eight months after she received a hardship discharge. Whether or not Underwood had actual knowledge of the claims is immaterial.
 "In a Chapter 13 case, property which is acquired by a debtor after the commencement of the case and until the case is closed, dismissed or converted, is considered property of the estate in addition to the property specified in § 541. 11 U.S.C. § 1306(a)(1). In Chapter 7 and 11 cases, only the interests of the debtor as of the commencement of the case are considered property of the estate. 11 U.S.C. § 541. Thus, even if the causes of action, upon which this proceeding is based, had arisen post-petition, they would still be considered property of the estate under the expansive *Page 428 
definition of that phrase contained in § 1306(a)(1).[6]
In re Fleet, 53 B.R. 833, 838-39 n. 6 (Bankr. E.D. Pa. 1985). As a leading commentator has said,
 "the very nature of a chapter 13 case as a debt extension proceeding necessitates a departure from the approach applicable in liquidation proceedings that the property of the estate be determined, for the most part, as of the commencement of the case."
5 Collier on Bankruptcy ¶ 1306.01, at 1306-2 (15th ed. 1984).
Furthermore, "[p]ursuant to § 1329 a debtor can be required to amend his plan following confirmation, due to a change in circumstances" such as the accrual of a cause of action. ValleyFederal Sav. Bank v. Anderson, 612 N.E.2d 1099, 1102 ( Ind. App. 1993) (slip and fall cause of action arising after the filing of debtor's Chapter 13 petition was property of bankruptcy estate and debtor had a duty to disclose it even though it did not exist at time amended schedules were filed or confirmed). Underwood did not amend her petition to include the claims against First Franklin, Voyager, and Seals. Underwood's failure to amend her petition to include those claims as part of the bankruptcy estate estops her from pursuing those claims now.
THOMPSON, J., concurs.
[6] "11 U.S.C. § 1306(a)(1) provides:
" '(a) Property of the estate includes, in addition to the property in section 541 of this title —
" '(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title, whichever occurs first . . .' "