BEATTY, Retired Justice.
The defendant, Southern Housing, Inc., appeals from the denial of its motion for a judgment notwithstanding the verdict (“JNOV”), now known as a renewal of a motion for a judgment as a matter of law. See Rule 50, Ala. R. Civ. P. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. We reverse and remand.
The plaintiff, John Moore, purchased a mobile home in 1994 from Southern Housing. The mobile home was manufactured by Indies House, Inc. Southern Housing delivered and set up the mobile home. After Moore experienced problems with the mobile home, he sued Southern Housing and Indies House on November 21, 1994. On September 28, 1995, the trial court dismissed the complaint for lack of prosecution. In October, Moore hired a different lawyer, who filed a motion requesting that the court set aside its judgment of dismissal. On December 14, 1995, the court set aside the dismissal and reinstated the case.
On October 31, 1996, Moore filed in the United States Bankruptcy Court for the Northern District of Alabama a voluntary bankruptcy petition under Chapter 13 of the United States Bankruptcy Code. Moore did not disclose to the bankruptcy court his pending lawsuit against Southern Housing and Indies House. On December 16, 1996, the bankruptcy court entered a confirmation order approving Moore’s Chapter 13 plan, which paid nothing to any of his unsecured creditors.
In March 1997, lawyers for Southern Housing and Indies House took Moore’s deposition. Although he was asked whether any claims had been filed against him in any court, he did not disclose the bankruptcy proceeding. Later in March, Moore and Indies House entered into a pro tanto settlement. Indies House paid Moore $2,750, and it was dismissed as a defendant. Moore’s claims against Southern Housing proceeded to a jury trial. The jury returned a verdict in Moore’s favor and assessed damages of $75,000 against Southern Housing. The trial court entered a judgment for $75,000 against Southern Housing in April 1997.
After the trial, lawyers for Southern Housing discovered that Moore had filed for bankruptcy protection and had failed to list his pending lawsuit in his bankruptcy schedules or otherwise to disclose the pending case to the bankruptcy court. Southern Housing then filed its motion for a JNOV or for a new trial. After Southern Housing’s post-judgment motion was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., Southern Housing appealed.
The dispositive issue in this case is whether Moore had standing to pursue his claims against Southern Housing. “Standing, like jurisdiction, is necessary for any valid legal action. To say that a person has standing is to say that that person is a proper party to bring the action.” Doremus v. Business Council of Alabama Workers’ Compensation Self-Insurers Fund, 686 So.2d 252, 253 (Ala.1996). We conclude that Moore did not have standing to maintain his lawsuit against Southern Housing.
*762 In Cooks v. Jim Walter Homes, Inc., 695 So.2d 19 (Ala.Civ.App.1996), this court concluded that because the Cookses had filed a bankruptcy petition, they did not have standing to pursue their claims against Jim Walter Homes, and we affirmed a summary judgment entered against the Cookses. We stated, in pertinent part, as follows:
“Once filed, the Cookses’ causes of action became part of the Cookses’ bankruptcy estate, pursuant to 11 U.S.C. § 1306(a)(1). In re Fleet, 53 B.R. 833 (Bankr.E.D.Pa.1985). When a cause of action becomes part of the debtor’s estate, the ‘bankruptcy trustee steps into the shoes of the debtor for purposes of asserting or maintaining the debtor’s causes of action.’ Richardson v. United Parcel Service, 195 B.R. 737, 738 (E.D.Mo.1996); see also In re B.J. McAdams, 66 F.3d 931 (8th Cir.1995). ‘ “It is well settled that the right to pursue causes of action formerly belonging to the debtor — a form of property ‘under the Bankruptcy Code’ — vests in the trustee for the benefit of the estate.” Jefferson v. Mississippi Gulf Coast YMCA, 73 B.R. 179 (S.D.Miss.1986). The debtor has no standing to pursue such causes of action. Matter of Tvorik, 83 B.R. 450 (Bankr.W.D.Mich.1988).’ Bauer v. Commerce Union Bank, Clarksville Tennessee, 859 F.2d 438, 440 (6th Cir.1988).”
Cooks, 695 So.2d at 21 (emphasis added). After Moore filed his bankruptcy proceeding, the right to maintain the lawsuit against Southern Housing vested in the bankruptcy trustee for the benefit of Moore’s bankruptcy estate.
Because Moore did not have standing to maintain his lawsuit against Southern Housing, the trial court should have granted Southern Housing’s motion for a JNOV. The judgment is reversed and the cause is remanded with instructions to the trial court to enter a JNOV in favor of Southern Housing.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.