793 So.2d 762 (2000)
Ex parte John MOORE.
(Re Southern Housing, Inc. v. John Moore).
1971987.
Supreme Court of Alabama.
April 21, 2000.
Opinion Modified on Denial of Rehearing September 29, 2000.
*763 Ira B. Colvin, Reform, for petitioner.
David L. Selby II and Michael L. Jackson of Wallace, Jordan, Ratliff & Brandt, L.L.C., Birmingham, for respondent.
COOK, Justice.
John Moore sued Southern Housing, Inc. The jury awarded him $75,000. Southern Housing moved for a judgment notwithstanding the verdict (i.e., a judgment as a matter of law; see Rule 50, Ala. R. Civ. P.) or a new trial. The court denied the motion. Southern Housing appealed. The Court of Civil Appeals reversed the judgment of the trial court. See Southern Housing, Inc. v. Moore, 793 So.2d 760 (Ala.Civ.App.1998). We have granted Moore's petition for certiorari review. We reverse the judgment of the Court of Civil Appeals and remand for an order or proceedings consistent with this opinion.
Moore purchased a mobile home in 1994, from Southern Housing, a mobile-home retailer. On November 21, 1994, after experiencing problems with the mobile home, Moore sued Southern Housing and the mobile-home manufacturer. The complaint was dismissed on September 28, 1995, for failure to prosecute, but was reinstated on December 4, 1995. On October 31, 1996, Moore filed a voluntary bankruptcy petition under Chapter 13. However, Moore did not disclose, to the bankruptcy court, his pending lawsuit against *764 Southern Housing and the manufacturer. The bankruptcy court entered a confirmation order approving Moore's Chapter 13 plan, which paid nothing to his unsecured creditors.
In Moore's action against Southern Housing, the jury awarded Moore $75,000. Following the trial, Southern Housing discovered that Moore had filed a bankruptcy petition and had failed to disclose to the bankruptcy court his pending case against Southern Housing and the manufacturer. Southern Housing moved for a JNOV or a new trial, on the grounds that the verdict was against the great weight of the evidence, and, alternatively, on the grounds that Moore was judicially estopped from pursuing the claim. Southern Housing's motion was denied by operation of law, pursuant to Rule 59.1, Ala.R.Civ.P. Southern Housing appealed to this Court, and we transferred the appeal to the Court of Civil Appeals, pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, Southern Housing argued that Moore did not have standing to pursue his claim against Southern Housing, because Moore had filed a bankruptcy petition and, Southern Housing argued, the claim had been part of the bankruptcy estate. The Court of Civil Appeals agreed with Southern Housing, concluding that Moore did not have standing to maintain his lawsuit because, it held, the cause of action had become part of Moore's bankruptcy estate, pursuant to 11 U.S.C. § 1306(a)(1). Relying on Cooks v. Jim Walter Homes, Inc., 695 So.2d 19 (Ala.Civ. App.1996), the Court of Civil Appeals reversed the judgment and remanded with instructions for the circuit court to enter a judgment in favor of Southern Housing.
Traditionally, the rule in Alabama has been that
"When a cause of action becomes part of the debtor's estate, the `bankruptcy trustee steps into the shoes of the debtor for the purposes of asserting or maintaining the debtor's [cause] of action.'... `"It is well settled that the right to pursue causes of action formerly belonging to the debtora form of property `under the Bankruptcy Code'vests in the trustee for the benefit of the estate."'"
Cooks, 695 So.2d at 21. However, in a recent opinion the United States Court of Appeals for the Second Circuit stated: "Although some courts of appeals have held that Chapter 7 debtors have no standing to pursue causes of [action] that belong to the estate, see, e.g., Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir. 1988), we reach the contrary holding with respect to Chapter 13 debtors who pursue such causes of action." Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513, 515-16 (2d Cir.1998). We find the Second Circuit's opinion to be well reasoned. In holding that Chapter 13 debtors have standing to pursue causes of action that belong to the bankruptcy estate, the Second Circuit looked at both the legislative history of 11 U.S.C. § 1306 and the purpose for denying standing to bankruptcy debtors. The court in its discussion of standing stated:
"Both the House of Representatives and Senate floor managers of the Uniform Law on Bankruptcies, Pub.L. No. 95-598 (1978), stated that:
"`Section 1303 ... specifies rights and powers that the debtor has exclusive of the trustees. The section does not imply that the debtor does not also possess other powers concurrently with the trustee. For example, although Section [323] is not specified in section 1303, certainly it is intended that the debtor has the power to sue and be sued.'"
*765 Id. at 516. The Second Circuit, in considering the differences between Chapter 7 and Chapter 13 bankruptcy proceedings, explained that the purpose for denying standing to debtors in Chapter 7 proceedings is absent in Chapter 13 proceedings:
"[I]n Chapter 13 proceedings (unlike Chapter 7 proceedings) the creditors' recovery is drawn from the debtor's earnings, not from the assets of the bankruptcy estate.... Accordingly, the trustee's participation in such an action is generally not needed to protect the Chapter 13 creditors' rights."
Id. A Chapter 13 debtor does not lose standing to proceed on a cause of action after a proceeding in bankruptcy is instituted, as does a debtor under Chapter 7. Moore's bankruptcy proceeding was instituted under Chapter 13. Therefore, Moore has standing to pursue the cause of action against Southern Housing, even though that cause of action belongs to the bankruptcy estate.
We recognize that the rule stated in Olick v. Parker & Parsley Petroleum Co. is a refinement of the rule that has been traditionally followed in Alabama. As the bankruptcy courts have shown a willingness to acknowledge the differences in the language in the bankruptcy statutes designating Chapter 13 and Chapter 7 bankruptcies, so has this Court. See Jinright v. Paulk, 758 So.2d 553 (Ala.2000). To the extent Cooks v. Jim Walter Homes, Inc., is inconsistent with this opinion, it is overruled.
Southern Housing, in addition to arguing that Moore does not have standing, argues that Moore should be judicially estopped from making his claims. This Court, in Jinright, has very recently addressed this issue.
The doctrine of judicial estoppel "requires a determination that (1) the positions asserted are in fact inconsistent, and (2) the inconsistency would allow a party to benefit from deliberate manipulation of the courts." Chandler v. Samford Univ., 35 F.Supp.2d 861, 863 (N.D.Ala.1999). Moore, admittedly, did not disclose his cause of action against Southern Housing during the bankruptcy proceedings. However, in Jinright, we acknowledged that in Chapter 13 bankruptcy proceedings the debtor may repay creditors while maintaining his or her assets and that the repayment plan may last up to five years and may be amended at any time prior to a discharge by the bankruptcy court. We held that "a debtor's mere knowledge or awareness of a potential claim and the debtor's failure to include the claim as an asset on the bankruptcy schedules filed with the court, without more, are not sufficient to invoke the application of the doctrine of judicial estoppel." Jinright, 758 So.2d at 559.[1]
In Jinright, we held that the doctrine of judicial estoppel did not apply to bar bankruptcy *766 debtors from pursuing their claims because, "[a]lthough the Jinrights' initial failure in their bankruptcy proceedings to list their claim against Paulk and Option Builders as an asset was inconsistent with the claims they made in their lawsuit against Paulk and Option Builders, nothing before us indicates that the Jinrights will benefit from that omission, nor has there been any showing that Paulk and Option Builders have been prejudiced by the omission." 758 So.2d at 560. Likewise, nothing now before us indicates that Moore will benefit from his omission or that Southern Housing, as a noncreditor, was prejudiced by that omission.
Therefore, the judgment of the Court of Civil Appeals is reversed and the case in remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
HOOPER, C.J., concurs in part and dissents in part.
HOOPER, Chief Justice (concurring in part and dissenting in part).
I concur with the opinion to the extent it holds that a Chapter 13 debtor does not lose standing to proceed on a cause of action after a proceeding in bankruptcy is instituted. I dissent, however, from the holding that Moore's claims are not judicially estopped. The majority opinion relies on this Court's recent decision in Jinright v. Paulk, 758 So.2d 553 (Ala.2000). However, the facts of this case are distinguishable from those of Jinright.
Unlike the debtors in Jinright, Moore had filed his lawsuit before he filed his bankruptcy petition. Moore failed to disclose that lawsuit to the bankruptcy court. This Court stated in Jinright that "a debtor's mere knowledge or awareness of a potential claim and the debtor's failure to include the claim as an asset on the bankruptcy schedules filed with the court, without more, are not sufficient to invoke the application of the doctrine of judicial estoppel." 758 So.2d at 559. However, Moore had more than "mere knowledge or awareness of a potential claim." The Jinright opinion also stated that "[t]he inquiry regarding the applicability of the doctrine of judicial estoppel to a particular case will raise some questions of fact in addition to questions of law." 758 So.2d at 559. One of the questions of fact a court should consider in determining whether judicial estoppel applies is "whether a debtor who is engaged in bankruptcy proceedings knew or should have known about claims or causes of action that should be disclosed as assets." Jinright, 758 So.2d at 559. Moore obviously knew about his cause of action against Southern Housing, because he had filed a lawsuit based on that cause of action before he filed his bankruptcy petition. It would be appropriate to apply the doctrine of judicial estoppel in this case.
Today's holding creates a disincentive for debtors engaged in bankruptcy proceedings to disclose their claims to the bankruptcy court. Therefore, I must dissent from that portion of the opinion refusing to apply the doctrine of judicial estoppel.

On Application for Rehearing
COOK, Justice.
OPINION OF APRIL 21, 2000, MODIFIED; APPLICATION OVERRULED.
MADDOX, HOUSTON, LYONS, JOHNSTONE, and ENGLAND, JJ., concur.
HOOPER, C.J., and SEE and BROWN, JJ., dissent.
*767 HOOPER, Chief Justice (dissenting).
I dissent from the overruling of the application for rehearing, for the reasons stated in my writing on original deliverance.
SEE, Justice (dissenting).
I would grant Southern Housing's application for rehearing. I would hold that Moore does not have standing to pursue his prepetition cause of action against Southern Housing, because the bankruptcy court's order confirming Moore's Chapter 13 plan provides that that cause of action does not vest in Moore until he has been discharged by the bankruptcy court or the case has been dismissed.
On original submission, I concurred in this Court's holding, based on the reasoning of the United States Court of Appeals for the Second Circuit in Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513, 515-16 (2d Cir.1998), that a Chapter 13 debtor, unlike a Chapter 7 debtor, has standing to pursue a cause of action that is property of the bankruptcy estate. I continue to concur in that conclusion as a statement of the general rule. See Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1209 n. 2 (3d Cir.1991); Cable v. Ivy Tech State College, 200 F.3d 467, 472-74 (7th Cir. 1999); see generally In re Bowker, 245 B.R. 192, 194 (Bankr.D.N.J.2000) (discussing the "three distinct conclusions" reached by the courts that have decided "[t]he issue ... whether a chapter 13 trustee has standing to pursue prepetition litigation that is property of the chapter 13 estate": "(1) the chapter 13 trustee has the exclusive standing to sue on behalf of the estate; (2) the chapter 13 debtor and the trustee have concurrent authority to proceed on behalf of the estate; or (3) the debtor alone has the necessary standing to prosecute litigation on behalf of the bankruptcy estate"). However, I do not agree that in this case Moore has standing to pursue his cause of action against Southern Housing. I believe that the language in the bankruptcy court's order confirming the Chapter 13 plan deprives Moore of standing. See 11 U.S.C. § 1327(b).
In In re Tippins, 221 B.R. 11 (Bankr. N.D.Ala.1998), the bankruptcy court stated:
"Section 1327(b) states that `[e]xcept as otherwise provided in a plan or order confirming the plan, the confirmation of a plan vests all the property of the estate in the debtor.' 11 U.S.C. § 1327(b) (emphasis added). Section 1327(b) essentially `allows the bankruptcy court to determine when the property shall revest in the debtor.' Roper v. American Health & Fire Ins. Co. (In re Roper), 203 B.R. 326, 333 n. 7 (Bankr. N.D.Ala.1996). The confirmation orders in each of the [debtors'] cases specifically provide that `the property of the estate shall not vest in the debtor(s) until a discharge is granted under chapter 13 or [their] case[s] [are] dismissed out of Court.' Consequently, confirmation of the [debtors'] chapter 13 plans vested the property of the estate in the trustee, and the property remains so vested until the case is dismissed or a discharge is granted. Id. at 333. See also In re Hoffmeister, 191 B.R. 875, 878 (D.Kan. 1996), aff'd, 98 F.3d 1349 (10th Cir.1996) (concluding that insurance proceeds paid for hail damage to debtors' automobile were within the chapter 13 estate where the confirmation order provided that estate property did not revest in the debtor until the bankruptcy court approves the trustee's final report and account), In re Minor, 177 B.R. 576, 580 (Bankr. E.D.Tenn.1995) (holding that workers' compensation awards remained property of the estate despite confirmation of the debtors' plans where the confirmation *768 orders specifically provided that property of the estate did not vest in the debtor until the completion of the plan)."
221 B.R. at 16-17. Thus, § 1327(b) provides an exception to the general rule that a Chapter 13 debtor has standing to pursue a cause of action; specifically, that exception applies where a contrary provision appears in the plan or in the order confirming the plan. The order confirming Moore's Chapter 13 plan states that "[t]he property of the estate shall not vest in the debtor(s) until a discharge is granted under § 1328 or the case is dismissed"; that order thereby deprives Moore of standing to pursue his cause of action against Southern Housing until such time as he has been discharged by the bankruptcy court or the case has been dismissed. The bankruptcy court has not discharged Moore, and the case has not been dismissed. Consequently, Moore does not have standing to pursue his claim against Southern Housing. Therefore, I would affirm the judgment of the Court of Civil Appeals, which reversed the trial court's denial of Southern Housing's motion for a judgment as a matter of law. See Southern Housing, Inc. v. Moore, 793 So.2d 760 (Ala.Civ.App.1998). Accordingly, I dissent from the order overruling the application for rehearing.
BROWN, Justice (dissenting).
Having considered the principles of law stated in the well-reasoned opinion of noted Bankruptcy Judge James Sledge in In re Tippins, 221 B.R. 11 (Bankr.N.D.Ala. 1998), I believe we should grant Southern Housing's application for rehearing.
NOTES
[1] The Eleventh Circuit's reasoning stated in Telfair v. First Union Mortgage Corp., 216 F.3d 1333 (11th Cir.2000), is persuasive as to this issue:

"We therefore echo the conclusion of the Seventh Circuit and `read the two sections, 1306(a)(2) and 1327(b), to mean simply that while the filing of the petition for bankruptcy places all the property of the debtor in the control of the bankruptcy court, the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan.'"
216 F.3d at 1340. The Eleventh Circuit went on to say: "[A]fter confirmation, only the amount required for the plan payments remained property of the estate." 216 F.3d at 1340. None of the evidence presented in this case suggests that the bankruptcy court would have used Moore's claims against Southern Housing toward the fulfillment of Moore's bankruptcy obligations.