John F. EDGE and Ronald
Friedman, Appellees,

v.

David George HARSHA, Mrs. David
George Harsha, Baxter Feed Center,
Inc., and the Unknown Heirs, Assignees,
Representatives, or Successors of Them,
Appellants.

No. 67891.

Supreme Court of Iowa.

June 15, 1983.

Frank G. Wieslander, P.C., Altoona, for
appellants.

Bruce J. Nuzum of Matthias, Tyler, Nu-
zum & Feuerhelm, Newton, for appellees.

Considered by UHLENHOPP, P.J., and
HARRIS, McCORMICK, LARSON, and
CARTER, JJ.

HARRIS, Justice.

Can a district court discharge a
judgment lien against real estate when the
judgment debtor furnishes a supersedeas
bond pending appeal? We think the court
holds no such power and hence reverse an
order purporting to do so.

In May of 1976 defendant Harsha filed a
lawsuit against the State Savings Bank and
J.G. Edge (individually and as an officer of
the bank). The merits of the original suit
are not important here. After a jury trial a
sizable judgment was entered against Edge
and the bank and it was duly recorded in
the county clerk's judgment lien index.
Edge and the bank appealed to this court
and filed a corporate supersedeas bond to
prevent Harsha from executing on the
judgment pending appeal. We have yet to
consider the appeal in the original case.

Plaintiffs here are the son and son-in-law
of J.G. Edge. The two present plaintiffs
claim they are the equitable owners of real
estate in Jasper County even though legal
title is held by J.G. Edge. They assert J.G.
Edge conveyed the property to them but
retained title "in order to facilitate financ-
ing." Plaintiffs contend the personal judg-
ment entered in the first action against J.G.
Edge should not constitute a lien against
this real estate. They argue that a corpo-
rate supersedeas bond, filed by J.G. Edge,
fully secured the defendant's judgment.

Because of the posting of the supersedeas
bond the trial court determined defendants
were "fully protected by [the] corporate
surety supersedeas bond ..." and ordered
the judgment lien lifted from the property.
We granted an interlocutory appeal from
that ruling. We are not now faced with the
underlying merits of the case (whether J.G.
Edge holds the land as trustee) but only
with the propriety of the order lifting the
judgment lien.

The parties present arguments on the
adequacy of the protection of the superse-
deas bond. The plaintiffs point out that

the defendants, if successful on appeal, can look to the assets of the corporate surety, J.G. Edge, and the bank. Plaintiffs also point out that defendants may ask the clerk to review the bond's sufficiency under Iowa R.App. P. 8. Defendants argue that the corporate surety might go bankrupt or might decline to pay for any number of reasons. Defendants express concern that a judgment debtor, after posting a supersedeas bond, might be able to part with his assets.

The trial court took the view that a corporate surety was better than a personal one and that the filing of the bond was therefore sufficient to discharge the lien as a matter of law. This view, and the arguments of the parties, both overlook the differing purposes of a judgment lien and supersedeas bond.

■ Judgment liens are provided by Iowa Code sections 624.23 and 624.24 (1981). Supersedeas bonds are governed by Iowa R.App. P. 7, 8, and 9. A supersedeas bond is a method of keeping creditors at bay to maintain the status quo until an appeal is decided. *See* 2 A. Vestal and P. Willson, *Iowa Practice,* § 57.05 at 419 (1974) ("The purpose of a supersedeas bond is to maintain the status quo"); 83 C.J.S. *Supersedeas* § 1 at 890 (1953) ("It is technically a writ to suspend the execution of a judgment"). It does *not* work to deprive a judgment of its force, only to withhold moving upon the judgment debtor. *E.g.,* 83 C.J.S. *Supersedeas* § 8 at 896–97. *See Lutz v. Darbyshire,* 297 N.W.2d 349, 352 (Iowa 1980) ("In Iowa an appellee may invoke judicial power to enforce a decree while its correctness is being appealed, unless a supersedeas bond is filed").

We hold the trial court was without power to order discharge of the judgment lien.

REVERSED AND REMANDED.