Ernest Edward Scheinert, Jr., sued his former employer, Southern Rubber Company, Inc., alleging defamation and invasion of privacy. Southern Rubber moved for a summary judgment. The trial court entered a summary judgment in favor of Southern Rubber on all of Scheinert's claims. Scheinert appealed to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7, Ala. Code 1975.
In its brief, Southern Rubber argues that Scheinert does not have standing to prosecute this appeal. After it filed its answer to Scheinert's complaint, Southern Rubber filed a motion in the trial court to substitute the real party in interest. In that motion, Southern Rubber alleged that Scheinert had filed for bankruptcy in 1998 and that the bankruptcy court had discharged him from his debts. However, on March 16, 1998, the bankruptcy trustee, on his own motion, reopened the estate. Scheinert filed this action on March 29, 1999. Therefore, Southern Rubber argued, pursuant to Rule 17, Ala.R.Civ.P., and 11 U.S.C. § 1306(a)(1), Scheinert's action against Southern Rubber became part of the bankruptcy estate.
After conducting a hearing on Southern Rubber's motion, the trial court entered an order substituting James G. Henderson, bankruptcy trustee, as the proper plaintiff in the action. In that order, the trial court stated that Scheinert no longer had standing to prosecute the case. Scheinert did not appeal that ruling.
 "Once filed, [Scheinert's] causes of action became part of [his] bankruptcy estate, pursuant to 11 U.S.C. § 1306(a)(1). In re Fleet, 53 B.R. 833 (Bankr.E.D.Pa. 1985). When a cause of action becomes part of the debtor's estate, the `bankruptcy trustee steps into the shoes of the debtor for purposes of asserting or maintaining the debtor's [cause] of action.' Richardson v. United Parcel Service, 195 B.R. 737, 738 (E.D.Mo. 1996); see also [In re B.J. McAdams, Inc.], 66 F.3d 931 (8th Cir. 1995). `"It is well settled that the right to pursue causes of action formerly belonging to the debtor — a form of property `under the Bankruptcy Code' — vests in the trustee for the benefit of the estate." Jefferson v. Mississippi Gulf Coast YMCA, 73 B.R. 179
(S.D.Miss. 1986). *Page 1292 
The debtor has no standing to pursue such causes of action. Matter of Tvorik, 83 B.R. 450 (Bankr.W.D.Mich. 1988).' Bauer v. Commerce Union Bank, Clarksville, Tennessee, 859 F.2d 438, 440 (6th Cir. 1988)."
Cooks v. Jim Walter Homes, Inc., 695 So.2d 19, 21 (Ala.Civ.App. 1996).
Although the appellant's brief is styled "James G. Henderson, as Trustee for the Estate of Ernest Edward Scheinert," it was Scheinert who filed the notice of appeal from the trial court's judgment. There has been no attempt to substitute the bankruptcy trustee as the proper party to this appeal. Because Scheinert lacks standing to appeal in this action, this court does not have subject-matter jurisdiction. See State v. Property at 2018Rainbow Drive, 740 So.2d 1025 (Ala. 1999). Scheinert's appeal is due to be dismissed.
DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
 *Page 230