Sterilite Corporation of Alabama (hereinafter referred to as "Sterilite"), a defendant in an action filed by John C. Homer III in the Jefferson Circuit Court petitions this Court for a writ of mandamus directing the trial court to vacate its denial of Sterilite's motion to dismiss. The petition is denied.
From the statements of facts contained in, and the exhibits attached to, the parties' briefs to this Court, the following pertinent facts are presented to this Court in consideration of Sterilite's petition for the writ of mandamus. On or about March 23, 1998, Homer was injured when merchandise fell on him when he opened a trailer he had delivered from an undisclosed location to a Wal-Mart distribution center in Virginia. Sterilite had loaded the trailer. On October 4, 1999, Homer filed a voluntary petition in bankruptcy in the United States Bankruptcy Court, Middle District of Georgia (hereinafter referred to as "the bankruptcy court"). Homer indicated, by checking a box appearing on the bankruptcy petition, that he was filing for bankruptcy under Chapter 7 of the Bankruptcy Code. A document accompanying the petition entitled "Schedule B — Personal Property" listed various types of personal property and provided blank areas for Homer to describe and give the location of the property he owned, and to state the current market value of his interest in the listed property. Homer did not list as property in that document any cause of action he had against Sterilite.[1]
On December 20, 1999, Homer filed a complaint in the trial court alleging that Sterilite had negligently or wantonly loaded and sealed the trailer, and that its negligence or wantonness had resulted in the merchandise located in the trailer falling on Homer when he opened the trailer, causing him permanent emotional and physical injuries; Homer sought compensatory and punitive damages based upon his alleged injuries. On January 20, 2000, Homer was discharged from bankruptcy by order of the bankruptcy court; on that same day, the bankruptcy court entered a final decree closing Homer's case, stating that his estate had been fully administered, that the deposit required by the plan, if any, had been distributed, and that the trustee of the estate was discharged and his bond cancelled.
On February 23, 2000, Sterilite filed an answer to Homer's complaint. On February 8, 2001, Sterilite filed an amended answer that set out two additional defenses: (1) that Homer "[did] not have standing to assert the claims and seek damages as alleged in his [c]omplaint"; and (2) that Homer "[was] judicially estopped from asserting the claims and seeking damages as alleged in his defense [sic]." On March 29, 2001, the trustee in Homer's bankruptcy case filed, in the bankruptcy court, a motion to reopen that case; that motion stated, in pertinent part, that "[i]t now appears that [Homer] failed to schedule or advise your trustee of his interest in a personal injury action," and that "[i]t is believed that this interest has significant *Page 817 
value." A portion of a case action summary sheet attached as an exhibit to Homer's brief in reply to Sterilite's petition for a writ of mandamus further shows that on April 24, 2001, the trial court denied a motion for a summary judgment that had been filed by Sterilite on February 21, 2001. On May 3, 2001, the bankruptcy court entered an order reopening Homer's case. On May 8, 2001, Homer filed an amendment to his bankruptcy petition, adding his lawsuit against Sterilite as a potential asset, and claiming an exemption to a portion of the damages he might receive.
On August 16, 2001, Sterilite filed a motion to dismiss in the trial court. That motion stated, in pertinent part:
 "Comes now the Defendant, Sterilite Corporation of Alabama, and moves this Court to enter an Order in accordance with Alabama Rule of Civil Procedure 12(b)(1), on the grounds that Plaintiff lacks standing to bring this action, and therefore, the Court lacks subject matter jurisdiction. As grounds for this Motion, Defendant shows as follows:
". . . .
 "2) In cases where there is a bankruptcy estate, the right to pursue causes of action formerly belonging to the debtor vests in [the] trustee for the benefit of the estate. See Scheinert v. Southern Rubber Co., 764 So.2d 1291 (Ala.Civ.App. 2000) (quoting Cooks v. Jim Walter Homes, Inc., 695 So.2d 19 (Ala.Civ.App. 1996)).
 "3) The debtor has no standing to pursue such causes of action. Scheinert, 764 So.2d at 1292.
 "4) The issue of whether a party has standing may be raised at any time. McCurdy v. L.C. Properties, [L.L.C.], 781 So.2d 991 (Ala.Civ.App. 2000).
 "5) The trial court has no subject matter jurisdiction `when a party without standing purports to commence an action.' City of Gadsden v. Property at 2018 Rainbow Drive, known as the Oasis, 740 So.2d 1025 (Ala. 1999).
 "6) The lack of standing is a jurisdictional defect and `cannot be cured.' City of Gadsden, 740 So.2d at 1028."
On November 26, 2001, the trial court entered the following order on its case action summary sheet:
 "The Defendant, Sterilite Corp. of Alabama (`Sterilite')'s motion to dismiss pursuant to Rule 12(b)(1)[, Ala. R. Civ. P.,] is overruled. See Jinright v. Paulk, 758 So.2d 553
[(Ala. 2000)]."
On January 4, 2002, Sterilite filed in this Court a petition for a writ of mandamus. On January 7, 2002, Sterilite filed a motion to stay pending a ruling from this Court on its petition for the writ of mandamus; the trial court granted that motion on January 17, 2002. On February 8, 2002, this Court ordered that an answer and briefs be filed; the order limited the answer and briefs to "the issue of whether [Homer] had standing to maintain this action against Sterilite and whether the trial court had subject-matter jurisdiction in this case." On February 28, 2002, Homer's bankruptcy trustee filed a motion asking the trial court to lift the stay in order to consider his motion to add himself as a plaintiff in this case.
Our review of a petition for writ of mandamus is settled.
 "A writ of mandamus is an extraordinary remedy, and it will be `issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will *Page 818 
 issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts Serv. Co., 590 So.2d 252 (Ala. 1991)."
Ex parte Empire Fire Marine Ins. Co., 720 So.2d 893, 894 (Ala. 1998).
Sterilite argues that the trial court erred in denying its motion to dismiss because, it says, Homer does not have standing to bring this action. In reply, Homer argues that he does have standing and asserts that the appropriate question, not raised by Sterilite in the trial court, is whether he is the real party in interest. This Court has previously recognized that the principles of "real party in interest" and "standing" are distinguishable. In State v. Property at 2018 RainbowDrive, 740 So.2d 1025 (Ala. 1999), this Court observed:
 "There are fundamental differences between the principles of `real party in interest' and `standing.' `"[T]he real party in interest principle is a means to identify the person who possesses the right sought to be enforced. Therefore, the term directs attention to whether [the] plaintiff has a significant interest in the particular action he has instituted."`Dennis v. Magic City Dodge, Inc., 524 So.2d 616, 618 (Ala. 1988) (quoting 6 Charles Alan Wright, Arthur R. Miller 
Mary Kay Kane, Federal Practice and Procedure § 1542 (1971)).
 "Standing, on the other hand, turns on `whether the party has been injured in fact and whether the injury is to a legally protected right.' Romer v. Board of County Comm'rs of the County of Pueblo, 956 P.2d 566, 581 (Colo. 1998) (Kourlis, J., dissenting) (emphasis added). See also NAACP v. Town of East Haven, 892 F. Supp. 46 (D.Conn. 1995). `One has standing to bring his complaint into court "if his stake in the resolution of that complaint assumes the proportions necessary to ensure that he will vigorously present his case."`Smith v. Potts, 293 Ala. 419, 422, 304 So.2d 578, 580 (1974) (emphasis added)."
740 So.2d at 1027-28.
Further, in Battle v. Alpha Chemical Paper Co., 770 So.2d 626
(Ala.Civ.App. 2000), a case involving a defendant's challenge to a Chapter 7 bankruptcy debtor's "standing" to maintain a breach-of-contract action against it, the Court of Civil Appeals, after determining that the defendant was not entitled to a summary judgment on the theory of judicial estoppel, stated:
 "Having concluded that the summary judgment cannot be upheld on the basis of judicial estoppel, we must now address whether that judgment may be affirmed on the basis that the trustee in bankruptcy, rather than Battle, was the real party in interest, with exclusive power to maintain a civil action against Alpha. We use the term `real party in interest,' rather than `standing,' for a reason. Although both the parties and the trial court have blurred the issue by referring to Battle's `standing,' the question whether a party has standing to sue is distinct from whether he or she is the real party in interest. While the real-party-in-interest principle directs attention to whether the plaintiff has a significant interest in the particular action he or she has instituted, standing requires that the plaintiff demonstrate an injury to a legally protected right. State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1027-28 (Ala. 1999); accord, Sprague v. Sysco Corp., 97 Wn. App. 169, 175, 982 P.2d 1202, 1205 (1999), review denied, 140 Wn.2d 1004, 999 P.2d 1262 (2000) (table). Here, Battle has standing to sue because Alpha's alleged breach of contract injured *Page 819 
 her, not the bankruptcy trustee. Sprague[,] 97 Wn. App. at 175, 982 P.2d at 1205; Hammes v. Brumley, 659 N.E.2d 1021, 1030 (Ind. 1995).
 "A number of cases have held that once a proceeding has been initiated under Chapter 7 of the Bankruptcy Code involving a debtor, the trustee in bankruptcy becomes the real party in interest with respect to lawsuits upon causes of action held by the debtor. See, e.g., Bickford v. Ponce de Leon Care Ctr., 918 F. Supp. 377 (M.D.Fla. 1996); Ex parte Moore, [793 So.2d 762] (Ala. 2000) (distinguishing Chapter 13 cases, although using `standing' terminology.) . . .
 "We note that this court has, on occasion, similarly blurred this issue. E.g., Cooks v. Jim Walter Homes, 695 So.2d 19 (Ala.Civ.App. 1996) (using `standing' terminology), which was overruled by Ex parte Moore, [793 So.2d 762] (Ala. 2000), as it applied to Chapter 13 debtors."
770 So.2d at 634.
The situation in the instant case is similar to the situation presented in Battle, and, as in that case, there is no question that Homer has "standing," because Sterilite's alleged negligence or wantonness injured him, not his bankruptcy trustee. Further, in Property at 2018 RainbowDrive, this Court observed that while objections to a plaintiff's standing are not waivable, objections based upon an action's not being prosecuted in the name of the real party in interest can be waived. 740 So.2d at 1028 n. 1 (citing 6A Charles Alan Wright et al., FederalPractice and Procedure § 1542, at 333 (1990)). We note that Sterilite made no objection based upon Homer's not being the real party in interest in any of its responsive pleadings; the only defense at issue is whether Homer had standing.
We conclude that Homer has "standing" to maintain this action, and because that was the only issue presented to this Court in this petition for the writ of mandamus, it is not necessary that we further address the question whether Homer or his bankruptcy trustee is the real party in interest. The trial court was correct in denying Sterilite's motion to dismiss, and Sterilite has not shown a "clear legal right . . . to the order sought." Empire Fire Marine Ins. Co., supra. Therefore, the petition for the writ of mandamus is due to be denied.
PETITION DENIED.
Moore, C.J., and Houston, See, Lyons, Brown, Johnstone, Woodall, and Stuart, JJ., concur.
[1] Listed as number 20 in the document as a type of personal property was: "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each." Homer checked "None" in a corresponding box.