## IN THE COURT OF APPEALS OF IOWA

No. 13-1909
Filed October 1, 2014

**IN RE THE MARRIAGE OF DEBORAH CATHERINE RHINEHART**
**AND RICHARD SCOTT RHINEHART**

**Upon the Petition of**
**DEBORAH CATHERINE RHINEHART,**
　　　　Petitioner-Appellee,

**And Concerning**
**RICHARD SCOTT RHINEHART,**
　　　　Respondent-Appellant.
_____

　　　　Appeal from the Iowa District Court for Woodbury County, Kathleen A.

Kilnoski, Judge.


　　　　An ex-husband appeals the district court's order that awarded trial

attorney fees to his ex-wife and the court's orders regarding the appeal bond.

**AFFIRMED.**


　　　　Elizabeth A. Rosenbaum of Elizabeth A. Rosenbaum, P.C., Sioux City, for

appellant.

　　　　Stanley E. Munger and Jay E. Denne of Munger, Reinschmidt & Denne,

L.L.P., Sioux City, for appellee.


　　　　Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

This is the fourth time this dissolution of marriage case has been before our court. *See In re Marriage of Rhinehart*, No. 12-0287, 2013 WL 530838, at *1–2 (Iowa Ct. App. Feb. 13, 2013) (recounting the history of this dissolution case). Following the last appeal, we remanded the case to the district court to determine the "amount of fees applicable to the retrial only." The district court awarded Deborah $70,920.00 in trial attorney fees, expert witness fees, and expenses. Scott now appeals that order claiming most of the time billed by Deborah's attorney and experts did not relate to the retrial because their work focused on events occurring after the initial trial. He asserts Deborah, as a lay person, was not qualified to assert the fees and expenses were fair and reasonable. Scott attacks as unreasonable Deborah's attorney's use of and charges for a private airplane to meet with experts. He asserts some of the fees and expenses claimed by Deborah to be related to the retrial were previously submitted to this court as related to the prior appeal. Finally, he claims he should have been allowed to testify regarding a prior attorney fee claim submitted by Deborah's attorney that contained errors.

We review a district court's decision to award trial attorney fees and expenses for an abuse of discretion. *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). We have reviewed the district court's decision, which addresses almost all of Scott's appellate claims,[1] and we find no abuse of

---

[1] Scott claims that $28,555.93 in attorney fees claimed by Deborah to be related to the retrial were previously submitted to this court as related to the prior appeal. He asserts Deborah should be precluded by the law of the case doctrine from presenting these

discretion. We therefore affirm the district court's attorney fee award pursuant to Iowa Court Rule 21.26(1)(d) and (e).

Scott also asserts on appeal the court erred in not ordering a stay of execution of the attorney fee judgment pending appeal. Scott sought to sell his house while this appeal was pending despite the fact Deborah and her attorney had judgment liens against the house. In order to clear up title and permit the sale to go forward, Scott sought an emergency order to require Deborah and her attorney to sign release of lien documents. He also sought the court's approval of an appeal bond for the attorney fee judgment. The court approved a bond, but also in a separate order directed Deborah and her attorney to sign release of lien documents, the closing agent for the home to transfer to the clerk of court the amount due to Deborah and her attorney, and the clerk to then remit those amounts to Deborah and her attorney and not apply those amounts to the bond. Scott asserts these two orders are conflicting and in error,[2] but he does not indicate how such an error can be or should be corrected at this time. Because

_____

charges again to the district court. This claim was not presented to the district court, and as such, Scott has failed to preserve error. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal"). Based on the lack of error preservation, we decline to address this claim.

[2] While an appeal bond will stay execution of a judgment while an appeal is pending, *see* Iowa Rule of Appellate Procedure 6.601, the appeal bond has no effect on the validity of a judgment lien during the appeal. *See Edge v. Harsha*, 334 N.W.2d 741, 742 (Iowa 1983) (finding an appeal bond maintains the status quo and keeps a creditor at bay until the appeal is decided but the bond does not deprive the judgment of its force). We note it was Scott who voluntarily sought to sell his house while he appealed the attorney fee judgment entered against him. He was not simply asking to maintain the status quo to keep Deborah and her attorney from executing on the attorney fee judgment, but he was seeking to dispose of an asset that had a valid judgment lien attached to it. The court could not force Deborah and her attorney to release that lien, so Scott could sell the house, absent that lien being satisfied. *See id.* (finding the district court was without power to order the discharge of a judgment lien upon the posting of an appeal bond).

we have affirmed district court's decision regarding the amount of trial attorney fees due, the liens have been released, the house has been sold, the amount remitted to Deborah and her attorney, and no appeal bond posted, we consider this appeal issue moot. *See Crowell v. State Pub. Defender*, 845 N.W.2d 676, 681 (Iowa 2014) ("If an appeal no longer presents a justiciable controversy because the disputed issue has become academic or nonexistent, the appeal is ordinarily deemed moot.").

Finally, both Scott and Deborah seek an award of appellate attorney fees. An award of appellate attorney fees rests in our discretion. *Sullins*, 715 N.W.2d at 255. We consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *Id.* After considering these factors and the substantial award which we affirm on this appeal, we award Deborah $2000 in appellate attorney fees.

Costs on appeal are assessed to Scott.

**AFFIRMED.**