# IN THE COURT OF APPEALS OF IOWA

No. 17-1402
Filed July 24, 2019

**WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, not in its Individual Capacity, but Solely as Trustee for BCAT 2015-13BTT,**
    Plaintiff-Appellee,

**vs.**

**SHEREE SMITH-MARTINEZ and MICHAEL MARTINEZ,**
    Defendants-Appellants.
_____

Appeal from the Iowa District Court for Linn County, Mary E. Chicchelly (summary judgment) and Patrick R. Grady (foreclosure), Judges.

Sheree Smith-Martinez and Michael Martinez appeal from the district court's grant of summary judgment in a mortgage-foreclosure action. **AFFIRMED.**

Sheree L. Smith-Martinez and Michael Martinez, Cedar Rapids, pro se appellants.

Margaret A. Hanson and Matthew E. Laughlin of Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, for appellee.

Considered by Mullins, P.J., Bower, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MULLINS, Presiding Judge.**

Sheree Smith-Martinez and Michael Martinez appeal the district court's grant of summary judgment in favor of Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust not in its individual capacity but solely as trustee for BCAT 2015-13BTT (Wilmington), in a mortgage-foreclosure action.[1] The Martinezes assert the court should have dismissed the foreclosure action based on Wilmington's lack of standing, the court's lack of jurisdiction, and because the note and mortgage documents were not attached to the foreclosure petition. Further, the Martinezes assert the court abused its discretion by refusing to hold a hearing on Wilmington's motion for summary judgment and genuine issues of material fact remain regarding the note and mortgage documents that preclude summary judgment. Finally, they challenge the order of a supersedeas bond in order to stay the proceedings. The Martinezes request appellate attorney fees and the assessment of the costs on appeal to Wilmington.

## I.     Background Facts and Proceedings

In September 2001, Katharin Stevens executed a uniform residential loan application and a promissory note for $165,400.00, in favor of IMS Mortgage Company (IMS), for property in Linn County.[2] As security for the note, Katharin; her husband, Jack; her daughter, Sheree; and Sheree's husband, Michael, executed a mortgage on the property, in favor of IMS. In October, the mortgage

---

[1] Yellow Book Sales and Distribution Co, Midland Funding LLC, John McCarter, Asset Acceptance LLC, State of Iowa, Estate Recovery Program, and Parties in Possession were parties to the foreclosure but do not defend on appeal.

[2] Identified as Lot 8, Auditor's Place No. 110, Linn County, Iowa, and commonly known as 308 Forest Drive SE, Cedar Rapids.

was recorded. IMS assigned the mortgage to Wells Fargo Home Mortgage Inc. (Wells Fargo HM). The assignment of the mortgage was also recorded. Katharin died in 2005, and Jack died in 2006.

In 2013, Wells Fargo Bank N.A. (Wells Fargo), successor by merger with Wells Fargo HM, filed a foreclosure petition against multiple parties including Sheree, Michael, and Katharin's estate. Wells Fargo alleged the note was in default due to nonpayment and sought to foreclose the mortgage. Wells Fargo alleged an outstanding and unpaid principal balance of $146,875.60, plus interest. Sheree and Michael generally denied the petition. In August 2015, Wells Fargo assigned the mortgage to Wilmington. In October, the assignment was recorded.

In January 2016, Sheree moved to dismiss the foreclosure based on, among other things, Wells Fargo's alleged lack of standing and the court's lack of subject matter jurisdiction over the matter. She further challenged the validity of the mortgage, note, and the mortgage's original assignment from IMS to Wells Fargo HM. In February, over Sheree's resistance, the court substituted Wilmington as plaintiff after finding the assignment from Wells Fargo to Wilmington was effective and Wilmington became the real party in interest. The court also denied Sheree's motion to dismiss, finding it had jurisdiction over the matter and any issues relating to the validity of the various documents in the cases were matters best suited to examination at trial. The court also stated that if the Martinezes believed that they had claims specifically against Wells Fargo, they could seek to add Wells Fargo as a party or could file an appropriate motion to challenge Wilmington's status as the real party in interest. The Martinezes did not file any pleadings related to these two issues.

In April, Wilmington moved for summary judgment. In her resistance, Sheree alleged several issues that she contended were genuine issues of material fact precluding summary judgment, repeating many of the same arguments from prior pleadings, including standing and thus the court's lack of subject matter jurisdiction as well as the authenticity of the mortgage and note documents.

In June, the court denied summary judgment. In its ruling, the court found Sheree's multiple allegations were largely duplicative and mostly unsupported by evidence. The court, in response to Sheree's challenge to the authenticity of the mortgage and note document, found the mortgage documents in the record to be identical. However, it found discrepancies between the filed note documents in the record, which Sheree had raised in her resistance to the motion but which Wilmington had not addressed in its reply. The court noted Wilmington could submit a renewed motion for summary judgment after resolving the issues with the note documents.

In September, Wilmington renewed its motion for summary judgment. In October, it filed the affidavit of Ashley Dellinger, a vice president for loan documentation for Wells Fargo. Her affidavit stated that Jack signed the loan application but was not a borrower, so Jack's signature on the note was an error. Wilmington provided a copy of the note with Jack's signature redacted as well as the loan application, which did not list Jack as a borrower.

When the court considered the renewed motion in November, it determined its June ruling had resolved all issues except the unexplained crossing off of Jack's signature on one version of the note. Based upon the Dellinger affidavit, the court determined no genuine factual dispute remained as to the note's validity. For that

reason, it granted summary judgment. Sheree moved for reconsideration. However before the court could rule on the motion, Sheree and Michael filed notices of appeal, divesting the court of jurisdiction.

In March 2017, Wilmington moved for entry of a foreclosure decree given the court's grant of summary judgment and though the Martinezes filed notices of appeal of the grant, they had not posted a supersedeas bond to stay the proceedings while their appeal was pending. The supreme court determined the appeal was interlocutory, treated the Martinezes' filings as applications for interlocutory appeal, and denied the applications.

In August, the district court entered a foreclosure decree and ordered the sale of the property.[3] The court also ordered the Martinezes to post a supersedeas bond of $285,000.00 if they wished to stay the proceedings.[4] Sheree moved for reconsideration. However before the court could rule on the motion, the Martinezes filed notices of appeal, divesting the court of jurisdiction. The Martinezes appeal.

## II.     Standard of Review

While foreclosure proceedings are tried in equity, *see* Iowa Code § 654.1 (2013), "[t]he standard of review for district court rulings on summary judgment is for correction of errors at law," even if it considers matters of an equitable nature. *See Kunde v. Estate of Bowman*, 920 N.W.2d 803, 806 (Iowa 2018). We review "rulings on motions to dismiss for the correction of legal error." *Venckus v. City of*

---

[3] Wilmington dismissed Katharin's estate from the foreclosure action before the court entered the foreclosure decree.

[4] The Martinezes did not post a supersedeas bond and, in April 2018, the property was sold at a sheriff's sale pursuant to the foreclosure decree.

*Iowa City*, ___ N.W.2d ___, ___, 2019 WL 2710807, at *1 (Iowa 2019). "In reviewing the ruling, 'we accept all well-[pleaded] facts in the petition as true.'" *Id.* (quoting *Godfrey v. State*, 898 N.W.2d 844, 847 (Iowa 2017)).

### III. Analysis

On appeal, the Martinezes raise several arguments. We will address each in turn.

#### A. Jurisdiction and Standing

The Martinezes allege the initial assignment from IMS to Wells Fargo HM was void, rendering Wells Fargo, as Wells Fargo HM's successor by merger, and then Wilmington, without standing. They argue that without standing, the district court's jurisdiction was not invoked and the court erred by not dismissing the case. As an initial matter, "[s]ubject matter jurisdiction is conferred by the constitution or statute. There is no doubt the district court has jurisdiction over foreclosure . . . actions." *Bank of Am., N.A. v. Schulte*, 843 N.W.2d 876, 883 (Iowa 2014); *see* Iowa Code § 654.1.

"[T]he question whether a party has *standing to sue* is distinct from whether [the party] is the *real party in interest*." *Pillsbury Co. v. Wells Dairy, Inc.*, 752 N.W.2d 430, 434 (Iowa 2008) (quoting *Ex Parte Sterilite Corp. of Ala.*, 837 So. 2d 815, 818 (Ala. 2002)). The real party in interest "is the person who is the true owner of the right sought to be enforced." *Id.* at 435 (quoting *Hammes v. Brumley*, 659 N.E.2d 1021, 1029–30 (Ind. 1995)). On the other hand, standing requires the demonstration of "an injury to a legally protected right." *Id.* at 434 (quoting *Sterilite*, 837 So. 2d at 818). "When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication

of the issue and not whether the controversy is otherwise justiciable . . . ." *Alons v. Iowa Dist. Ct.*, 698 N.W.2d 858, 864 (Iowa 2005) (quoting 59 Am. Jur. 2d *Parties* § 36, at 442 (2002)). "In order to invoke a court's jurisdiction, a plaintiff must demonstrate a personal stake in the outcome of the lawsuit and must show that he or she has sustained or was in immediate danger of sustaining, some direct injury as a result of the conduct at issue." *Pillsbury*, 752 N.W.2d at 434 (quoting *Hammes*, 659 N.E.2d at 1029–30).

"Every action must be prosecuted in the name of the real party in interest." Iowa R. Civ. P. 1.201. A "substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." *Id.*

> When there is an effective assignment, the assignee assumes the rights, remedies, and benefits of the assignor, and the assignment transfers the entire rights under a contract from the assignor to the assignee so that the assignee assumes not only the benefits of the contract, *but also the rights and remedies*.

*Pillsbury*, 752 N.W.2d at 435 (internal citations and quotation marks omitted).

Here, the defendants signed and executed a mortgage with IMS, which they do not deny. IMS then assigned the mortgage to Wells Fargo HM in September 2001. An IMS secretary signed the assignment, which was then notarized. The assignment provided that IMS "does hereby grant, sell, assign, transfer and convey" to Wells Fargo HM the mortgage:

> made and executed by Katharin M. Stevens [and] Jack H. Stevens, husband [and] wife, an undivided ½ interest [and] Sheree Smith-Martinez [and] Michael R. Martinez, husband [and] wife, an undivided ½ interest to and in favor of [IMS] . . . upon the following described property . . . Lot 8, "Auditor's Plat No. 100, Linn County, Iowa," . . . together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage. TO HAVE

AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the . . . Mortgage.

The assignment was recorded. While the defendants allege this assignment was altered and void, they provide no evidence. Based upon our review, the assignment was effective and, in September 2001, Wells Fargo HM assumed all of IMS's rights, remedies, and benefits under the mortgage. As a result, Wells Fargo, as Wells Fargo HM's successor by merger, was the real party in interest and had standing to file the foreclosure petition in March 2013 against the Martinezes.

During the foreclosure action, Wells Fargo assigned the mortgage to Wilmington through a written, signed, and notarized assignment. The assignment states that Wells Fargo, holder of the mortgage, "does hereby convey, grant, sell, assign, transfer and set over the described mortgage together with all interest secured thereby, all liens and any rights due to become due thereon to [Wilmington]." The assignment was recorded. Like the initial one to Wells Fargo, this assignment transferred Wells Fargo's rights and remedies, including foreclosure, under the mortgage to Wilmington, making Wilmington the real party in interest. Thus, Wilmington had standing to continue with the foreclosure action. Given that actions "must be prosecuted in the name of the real party in interest," Iowa R. Civ. P. 1.201, the district court properly allowed Wilmington to be substituted as plaintiff. We therefore reject the Martinezes' jurisdiction and standing arguments.

B.     Attachment of Mortgage and Note

The Martinezes next argue the court erred by not dismissing the case because the note and mortgage documents were not attached and filed with the original foreclosure petition.  "When filing a petition on a promissory note, the petition is required to 'contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the type of relief sought.'"  *Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107, 112 (Iowa 2013) (quoting Iowa R. Civ. P. 1.403(1)).  Though the clerk of court "shall not, unless by special order of the court, enter or record any judgment based on a note or other written evidence of indebtedness until such note or writing is first filed with the clerk [of court] for cancellation," Iowa R. Civ. P. 1.961, a failure to comply with the rule would not render the judgment void but instead "subjects the judgment to an attack by the injured party."  *Webster City Prod. Credit Ass'n v. Lenz*, 268 N.W.2d 182, 184 (Iowa 1978).  The judgment may stand if the note or other instrument is filed before any attack on that judgment.  *See id.*  Here, judgment occurred in August 2017 with the filing of the foreclosure decree.  Wilmington filed the note and mortgage well before entry of the foreclosure decree and even before the court's grant of summary judgment.  Thus, Wilmington complied with rule 1.961.

C.     Hearing

The Martinezes next claim the district court abused its discretion by refusing to hold a hearing as required by Iowa Rule of Civil Procedure 1.981(3).[5]  Rule

---

[5] In their appellate brief, the Martinezes argue the court should have granted the hearing pursuant to subsection 6 of Iowa Rule of Civil Procedure 1.981, not subsection 3.  We believe this reference is an error as subsection 6 does not provide a means for a hearing and Sheree referenced subsection 3 in her original request for a hearing.  Further, we find

1.981 contains provisions relating to the timeframe for filing motions for and resistances to summary judgment. The rule also provides under what circumstances a court may grant summary judgment. However, a plain reading of the rule does not require a hearing, as it provides for a "hearing or nonoral submission." Iowa R. Civ. P. 1.981(3). "[T]he rule's permissive language makes discretionary the district court's decision to" conduct a hearing. *Kulish v. Ellsworth*, 566 N.W.2d 885, 889 (Iowa 1997). Therefore, the Martinezes must establish that the district court's decision to not hold a hearing was based on "clearly untenable or unreasonable grounds." *See Struve v. Struve*, ___ N.W.2d ___, ___, 2019 WL 2552988, at *6 (Iowa 2019).

A review of the record discloses that on September 23, 2016, Wilmington filed a renewed motion for summary judgment. Four days later, the court filed a notice informing the Martinezes of the deadlines to file a resistance if they decided to challenge the motion for summary judgment. The court also informed all parties that if no resistance was filed, it could grant summary judgment without further notice, and that if the motion was resisted, it could rule on the motion without a hearing. Sheree subsequently filed several pleadings, including a resistance to summary judgment. On October 25, the court, in response to the multiple

---

any argument based upon subsection 6 is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). The Martinezes did not raise Iowa Rule of Civil Procedure 1.981(6) as an argument until Sheree raised it in her motion to reconsider the grant of summary judgment. However, the district court was not afforded the opportunity to rule on that motion, as the Martinezes filed their notices of appeal before the district court's consideration thereof, depriving the court of jurisdiction. After the supreme court denied the appeal, the Martinezes did not reassert an argument based upon rule 1.981(6) before the district court.

pleadings filed by both parties, granted a short extension to both parties and stated Wilmington's renewed motion for summary judgment would be submitted to the court without oral argument on November 16 and a written ruling would be issued before the scheduled trial date. Sheree filed an amended resistance on November 8. On November 15, Sheree moved to set a hearing, pursuant to Iowa Rule of Civil Procedure 1.981(3), on Wilmington's renewed summary-judgment motion. She contended the matters in the cases were of a complex nature that required a hearing to present and clarify evidence and to address other allegations against Wilmington and other parties. On November 16, the court denied Sheree's hearing request, reiterating the court's October 25 statement that no oral argument would be heard on the summary judgment motion. Based on this record, we are unable to say the court's reasoning for submitting the motion for summary judgment nonorally was based upon an untenable or unreasonable ground. Accordingly, we find no abuse of discretion.

D.     Summary Judgment

The Martinezes also assert the district court erred in granting Wilmington's motion for summary judgment in the mortgage-foreclosure proceeding. They allege Wilmington failed to demonstrate any rights under the note or mortgage and failed to submit any new evidence after the denial of its first motion for summary judgment. They further allege issues about the validity of the note and mortgage document preclude summary judgment.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Morris v. Steffes Grp., Inc.*, 924 N.W.2d 491, 496 (Iowa 2019) (quoting Iowa

R. Civ. P. 1.981(3)). We view the "record in the light most favorable to the party opposing summary judgment," *U.S. Bank Nat'l Ass'n v. Lamb*, 874 N.W.2d 112, 115 (Iowa 2016), and afford the nonmoving party "'every legitimate inference that can be reasonably deduced from the evidence. . . . [I]f reasonable minds can differ on how the issue should be resolved, a fact question is generated' and summary judgment should not be granted." *Bank of the W. v. Kline*, 782 N.W.2d 453, 456–57 (Iowa 2010) (quoting *Hills Bank & Tr. Co. v. Converse*, 772 N.W.2d 764, 771 (Iowa 2009)).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Iowa R. Civ. P. 1.981(5). "Speculation is not sufficient to generate a genuine issue of fact." *Nelson v. Lindaman*, 867 N.W.2d 1, 7 (Iowa 2015) (quoting *Hlubek v. Pelecky*, 701 N.W.2d 93, 96 (Iowa 2005)).

Upon our review of the record, we find the Martinezes have failed to present any issue of material fact as required. The Martinezes signed and executed the mortgage document securing the promissory note for the property, which they do not deny. The note was in default after nonpayment. The Martinezes make many allegations about the purported practices of IMS, Wells Fargo, and the recorder's office, among others, but the unsubstantiated allegations do not create genuine issues of material facts as to the matters in this case. Further, though the Martinezes assert there is no outstanding debt because of an alleged creditor claim filed against Jack's estate, they provide no evidence that this claim was paid. The Martinezes also claim Wilmington presented no new evidence when they renewed

the motion for summary judgment. However, we agree with the district court that the Martinezes have "failed to [put] forth evidentiary facts denying the explanation" in the Dellinger affidavit, which addressed the discrepancies in the note document highlighted by the court in its ruling on the first motion for summary judgment. The Martinezes also present arguments relating to Wilmington's standing, which we have already addressed. In total, and even when viewing the record in a light most favorable to the Martinezes, we find the Martinezes have failed to provide a genuine issue for trial. Accordingly, we affirm the grant of Wilmington's renewed motion for summary judgment.

E.      Supersedeas Bond

Finally, the Martinezes challenge the court's order requiring they post a supersedeas bond to stay the foreclosure proceedings. They request a stay of the foreclosure without a bond or one of a more reasonable amount. "A supersedeas bond is a method of keeping creditors at bay to maintain the status quo until an appeal is decided." *Edge v. Harsha*, 334 N.W.2d 741, 742 (Iowa 1983). "Filing an appeal does not result in an automatic stay of a trial court ruling." *Puntenney v. Iowa Utils. Bd.*, 928 N.W.2d 829, 838 n.1 (Iowa 2019); *accord* Iowa R. App. 6.601(1) ("[N]o appeal shall stay proceedings under a judgment or order unless the appellant executes a bond with sureties, to be filed with and approved by the clerk of the court where the judgment or order was entered.").

After entry of the foreclosure decree, the court ordered the Martinezes to post a supersedeas bond of $285,000.00 to stay the proceedings. This amount comports with Iowa Rule of Appellate Procedure 6.601(2), which provides that a supersedeas bond "shall be 110 percent of the amount of the money judgment."

We find the supersedeas bond was within the court's authority to enter and the amount was not excessive. We therefore affirm.

We deny the Martinezes request for appellate attorney fees. Costs on appeal are assessed one-half to Sheree Smith-Martinez and one-half to Michael Martinez.

## IV. Conclusion

We find the court had both subject-matter and personal jurisdiction over Wilmington in this matter as Wilmington had standing to continue the foreclosure proceedings after an assignment from Wells Fargo, which initially petitioned for foreclosure. We also find Wilmington was not required to file the note and mortgage documents with the foreclosure petition. We further find the court did not abuse its discretion by considering the motion for summary judgment by nonoral submission. We find there are no genuine issues of material fact and summary judgment was therefore appropriate. Finally, we find the court's order requiring the Martinezes to post a supersedeas bond was within the court's authority and the amount was not excessive. We deny the request for appellate attorney's fees. Costs on appeal are assessed one-half to Sheree Smith-Martinez and one-half to Michael Martinez.

**AFFIRMED.**